**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| FIRST DATA MERCHANT SERVICES LLC, )<br><br>Plaintiff, )<br><br>v. )<br><br>FORA FINANCIAL BUSINESS LOANS, )<br>LLC; and CENTRIC HOSPITALITY LLC d/b/a )<br>HOLIDAY INN ELK GROVE, )<br><br>Defendants. ) | Civil Action No.: 1:25-cv-05613 |

**COMPLAINT IN INTERPLEADER**

Plaintiff First Data Merchant Services LLC ("First Data"), by way of complaint in interpleader against Defendants Fora Financial Business Loans, LLC ("Fora Financial") and Centric Hospitality LLC d/b/a Holiday Inn Chicago-Elk Grove ("Centric Hospitality") (collectively, "Defendants"), alleges as follows:

**NATURE OF CASE**

First Data seeks a judicial determination regarding the proper recipient of funds it is currently holding in reserve ("Funds") in interpleader pursuant to 28 U.S.C. § 1335.

**THE PARTIES**

1. First Data is a limited liability company organized and existing under the laws of the State of Florida and authorized to do business in New York. First Data's sole member is First Data Corporation which is incorporated in Delaware with its principal place of business in Georgia.

2. Fora Financial is a limited liability company organized and existing under the laws of the State of Delaware. Based upon information provided by Fora Financial, the member(s) of Fora Financial is/are (a) citizen(s) of Delaware.

3. Upon information and belief, Centric Hospitality is a limited liability company organized and existing under the laws of the State of Illinois. Upon information and belief, the member(s) of Centric Hospitality is/are (a) citizen(s) of Illinois and Indiana.

4. Upon information and belief, Centric Hospitality has offices and does business at 101 N Spruce Ave, Wood Dale, Du Page County, Illinois 60191, and 1000 Busse Road, Elk Grove Village, Cook County, Illinois 60007.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1335 because there are two or more adverse claimants of diverse citizenship who are claiming or may claim to be entitled to the Funds and the amount First Data seeks to deposit with the Court exceeds $500.

6. Venue is proper in this Court under 28 U.S.C. §§ 1397 and 1391(c)(2) because at least one claimant, Defendant Centric Hospitality, resides in the judicial district of the Northern District of Illinois, Eastern Division.

## FACTUAL ALLEGATIONS

7. On or about November 11, 2021, Centric Hospitality entered into a Merchant Processing Application and Agreement and incorporated Program Guide (collectively, the "Merchant Agreement") with FDS Holdings, Inc. and Bank of America, N.A. to enable Centric Hospitality to accept debit and credit cards as payment for the goods and services Centric Hospitality sells to its customers. **Exhibit 1** attaches a true and correct copy of the Merchant Agreement, redacted to protect confidential information.

8. On September 13, 2021, FDS Holdings, Inc. was eliminated through merger into First Data.

9. Since November 2021, Centric Hospitality has accepted credit and debit cards from its customers and First Data has processed Centric Hospitality's transactions. Generally, "settlement" of transactions is where First Data deposits funds deriving from payment card processing into a bank account Centric Hospitality identifies. (Merchant Agmt. §§ 7, 16, 47.)

10. New York law governs the Merchant Agreement. (Merchant Agmt. § 45.1.)

11. On or about July 18, 2024, Centric Hospitality entered into a Business Loan Security Agreement with Fora Financial for the provision of a business loan in the amount of $400,000 (the "Loan Agreement"). **Exhibit 2** attaches a true and correct copy of the Loan Agreement provided to First Data by Fora Financial, redacted to protect confidential information.

12. To secure the business loan, Centric Hospitality granted Fora Financial a security interest in "any and all amounts owing to [Centric Hospitality] now or in the future from any merchant processor(s) processing charges made by customers of [Centric Hospitality] via credit card, debit card or Electronic Benefit Transfer transactions." (Loan Agmt. § 11.)

13. New York law treats a security interest as an assignment. N.Y. U.C.C. Law § 9-406; *Worthy Lending LLC v. New Style Contractors, Inc.*, 201 N.E.3d 783, 787 (N.Y. 2022).

14. Under New York law, an assignee assumes the terms of the contract assigned, including the forum selection clause. N.Y. U.C.C. Law § 9-404(a); *GMAC Com. Credit, LLC v. Dillard Dep't Stores, Inc.*, 198 F.R.D. 402, 407 (S.D.N.Y. 2001).

15. On or about October 4, 2024, Fora Financial filed a UCC Financing Statement with the Illinois Secretary of State. **Exhibit 3** attaches a true and correct copy of the UCC Financing Statement.

16. On or about October 8, 2024, Fora Financial sent a UCC Lien Notice (the "Notice") to Fiserv, Inc. ("Fiserv"), informing Fiserv of the existence of the Loan Agreement and security

interest in the settlement funds and demanding Fiserv "pay all funds processed on behalf of [Centric Hospitality] to Fora Financial." **Exhibit 4** attaches a true and correct copy of the Notice, redacted to protect confidential information.

17. Fiserv is the indirect parent company of First Data.

18. On November 13, 2024, Fiserv, on behalf of First Data, responded to the Notice and informed Fora Financial that Centric Hospitality's merchant account was placed on a funding diversion and any settlement funds were being held in a reserve account. **Exhibit 5** attaches a true and correct copy of the November 13, 2024 Email, redacted to protect confidential information.

19. On February 17, 2025, Centric Hospitality challenged the validity of the Notice by disputing the amount due and instructed First Data to hold the funds. **Exhibit 6** attaches a true and correct copy of the February 17, 2025 Email from Centric Hospitality.

20. As of May 20, 2025, the amount First Data is holding in reserve for the merchant account for Centric Hospitality, as established by the Merchant Agreement, is $415,208.64. First Data continues to hold funds and will continue to do so until the reserve balance reaches the amount Fora Financial demanded in the Notice which is $425,920.00. (Ex. 4 at 1.) Note that any amount held in reserve is provisional and subject First Data's rights to deduct and/or set off any fees, fines, changes, or any other amounts due or owing to First Data, acquiring bank(s), and/or the card brands or any affiliate or related entity of the foregoing. (Merchant Agmt. § 16.3.)

21. Fora Financial continues to demand First Data remit the Funds to Fora Financial in compliance with the Notice.

22. First Data has communicated repeatedly with counsel for Fora Financial and Centric Hospitality regarding a potential resolution of this matter, which now appears unlikely.

23. First Data disclaims any interest in the Funds and asks this Court to resolve the dispute between Defendants about entitlement to the Funds.

## FIRST CAUSE OF ACTION

### (Interpleader)

24. First Data re-alleges the preceding paragraphs and incorporates them by reference as though fully set forth herein.

25. All conditions precedent, if any, to this action have occurred or have been performed, tendered, and/or waived.

26. Defendants dispute entitlement to the Funds and the validity or enforceability of the Notice.

27. As a result, First Data is unable to determine the proper recipient of the Funds and fears that payment to either Defendant will subject it to liability from the other Defendant.

28. First Data has no interest in the Funds except to the extent that payment of the Funds discharges any obligations First Data may have to any party arising out of the Agreement on the one hand and the Notice on the other hand and to pay First Data's attorneys' fees and litigation costs associated with filing this interpleader.

29. First Data is a mere innocent stakeholder with respect to the Funds.

30. First Data is ready and willing to pay the Funds into the Court's registry or as the Court otherwise directs.

31. Based on the foregoing, an actual, justiciable controversy exists between Defendants as to their respective potential rights to the Funds.

32. First Data requests that Defendants be directed to interplead whatever claims they have or may wish to assert to the Funds.

33. First Data seeks an award of attorney fees and costs from the Funds associated with filing this interpleader.

**PRAYER FOR RELIEF**

WHEREFORE, First Data prays for relief as follows:

A. An order directing Defendants to interplead and assert their claims to the Funds in this action;

B. An order authorizing and directing First Data to deposit the Funds into the Court registry (or as the Court otherwise deems appropriate);

C. An order discharging First Data from any and all further liability, of whatever nature related to the Funds;

D. An order restraining all claimants from instituting or prosecuting any proceeding in any State or the United States court affecting the Funds until further order of the Court;

E. An order awarding First Data reasonable attorneys' fees and costs from the Funds;

F. An order dismissing and discharging First Data from this action with prejudice; and

G. For such other and further relief as the Court deems equitable and just.

DATED: May 20, 2025

Respectfully submitted,

POLSINELLI PC

By: */s/ Daniel Hoelting*
　　Daniel Hoelting #6324061
　　150 N. Riverside Plaza, Suite 3000
　　Chicago, IL 60606
　　Telephone: 312.819.1900
　　Fax: 312.819.1910
　　Email: dhoelting@polsinelli.com

ATTORNEYS FOR PLAINTIFF
FIRST DATA MERCHANT SERVICES LLC